UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

CHRISTIAN O. DALMAU,

         Defendant.

**DECISION AND ORDER**

14-CR-165A

---

On September 12, 2014, a grand jury indicted defendant on one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and 2.  After an arrest in and commitment from the Western District of Pennsylvania, defendant appeared in this District.  The Court arraigned defendant on October 22, 2015 and held a detention hearing on October 26, 2015.  The Court orally ordered defendant detained at the end of the detention hearing and now issues this Decision and Order to memorialize its findings.

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'  U.S. Const. amend. VIII.  Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'"  *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered

when assessing non-appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention.  First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.  Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court."  *Sabhnani*, 493 F.3d at 75 (citations omitted).  "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence.  The rules of evidence do not apply in a detention hearing.  Further, the government may proceed by proffer."  *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).  So long as courts take some measure to assess the reliability and accuracy of prosecutors' information, "a detention hearing is not to serve as a mini-trial . . . or as a discovery tool for the defendant."  *U.S. v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) (citation omitted); *see also U.S. v. LaFontaine*, 210 F.3d 125, 130–31 (2d Cir. 2000) ("It is well established in this circuit that proffers

2

are permissible both in the bail determination and bail revocation contexts.") (citations omitted).

As the Court found orally last week, several factors provide clear and convincing evidence that defendant would present a danger to the community if released on any condition or combination of conditions. The Government has proffered evidence that defendant had something to do with a shooting that occurred on or around January 6, 2014. That day, defendant was the passenger in a vehicle stopped because it resembled a vehicle seen leaving the scene of the shooting. Upon a search of the vehicle, police allegedly found a quantity of oxycodone pills on the rear seat. Police also found some type of hydraulically controlled panel on the vehicle that led to a hidden compartment. The compartment contained a loaded firearm and an additional quantity of pills. Ballistics tests allegedly confirmed that the firearm was used at the shooting on January 6, 2014. At the detention hearing, defendant admitted to a narcotics addiction and admitted that he obtained pills from "other sources" when his prescription ran out. None of these findings, made for detention purposes only, will preclude defendant from making whatever pretrial motions he may consider appropriate. For now, though, the facts above satisfy the standard for finding defendant a danger to the community.

For all of the above reasons, and for the reasons expressed at the detention hearing, the Court orders defendant detained but without prejudice.

Defendant will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford defendant reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez* ("Rodriguez I"), No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*). Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined must deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case. *See also U.S. v. Rodriguez* ("Rodriguez II"), No. 12-CR-83S, 2015 WL 1120157, at *7 (W.D.N.Y. Mar. 12, 2015) (Scott, *M.J.*) (interpreting 18 U.S.C. § 3142(i)(4) to allow transports to prepare for an oral argument or hearing).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

                                                      /s/ *Hugh B. Scott*
                                                    HONORABLE HUGH B. SCOTT
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: November 3, 2015