UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA

           v.

CHRISTIAN O. DALMAU,

           Defendant.

**DECISION AND ORDER**

14-CR-165A

───────────────────────────────

      Defendant Christian Dalmau ("Dalmau") faces one count of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and 2.  (Dkt. No. 1(1).)  The charge stems from events that allegedly occurred on January 6, 2014.  That night, Buffalo Police officers pulled over a vehicle in which Dalmau was a passenger because they believed that its appearance, timing, and location were consistent with witness descriptions of a vehicle that left a murder scene.  Both Dalmau and the driver wound up in the back of patrol cars immediately after the vehicle stop.  (*See* Dkt. No. 25 at 13.)  Sometime thereafter, Dalmau allegedly made a spontaneous statement to the effect that he was the owner of certain oxycodone pills that were found in the back seat of the patrol car in which he rode.

      On February 26, 2016, Dalmau filed a motion to suppress evidence.  (Dkt. No. 21.)  Dalmau argues that the police officers detained him at the traffic stop and lacked a particularized and objective basis to do so.  Dalmau proceeds from that point to argue that any evidence found in the vehicle must be suppressed

because its discovery was linked to his detention.  Finally, Dalmau contends that any alleged statements that he made must be suppressed because he was in custody at the time and did not receive *Miranda* warnings.  The Government responds that the police officers had either probable cause or reasonable suspicion to stop the vehicle, given that it matched witness descriptions from the murder scene and given that it was spotted a short distance from the murder scene just a few minutes after the murder occurred.  The Government also appears to be denying that Dalmau was "seized" at the vehicle stop, arguing instead that he was transported for questioning and that he made a spontaneous statement outside of a custodial interrogation.  The Court held oral argument on March 23, 2016.

After reviewing the parties' submissions and considering their arguments, the Court finds that an evidentiary hearing is necessary.  In its current state, the record seems to indicate that police officers placed Dalmau in handcuffs and in a patrol car immediately after the vehicle stop, without comment.  Yet the grand jury testimony that the Government has submitted contains the comment that the "driver was pretty compliant when I pulled him out of the vehicle.  The passenger [*i.e.*, Dalmau] was not as compliant.  He was also placed into custody and put in the back of Officer Serafini's patrol car."  (Dkt. No. 25 at 13.)  A hearing will be helpful in clarifying what "not as compliant" means and how the events of the vehicle stop affect Dalmau's arguments.  (*See also* Dkt. No. 22-1 at 3 ("The

2

passenger did struggle with officers.").)  Additionally, some aspects of the chronology of events on January 6, 2014 are confusing.  As noted above, there was grand jury testimony that Dalmau was "placed into custody" at the vehicle stop.  The Government's motion papers seem to stop short of acknowledging that Dalmau was in custody as of the vehicle stop.  Meanwhile, Dalmau has cited pretrial discovery suggesting that he was not "placed under arrest" until he arrived at police headquarters for questioning.  (*See* Dkt. No. 21 at 5.)  Finally, the record contains little detail about the scenario at police headquarters that led to the alleged spontaneous statement.  A hearing will help the Court and the parties determine exactly what happened and which legal authorities apply.

For the foregoing reasons, the Court will hold an evidentiary hearing on Dalmau's motion to suppress (Dkt. No. 21).  The scope of the hearing will be the chronology of events on January 6, 2014 generally, though the parties are encouraged to focus on the details of the vehicle stop and the circumstances immediately surrounding the alleged spontaneous statement.

The hearing will occur on **April 26, 2016 at 10:30 AM**.  Speedy-trial time remains excluded as pretrial motions remain pending.

SO ORDERED.

_/s Hugh B. Scott_
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: March 29, 2016